IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

SANDRA HICKS and CLARENCE )
HICKS, )
 )
       Plaintiffs, )
 )
v. ) No. 3:06-CV-296
 ) (JORDAN/SHIRLEY)
RAUL CORDOVI and FIRST )
TRUCKING, INC., )
 )
       Defendants. )

## MEMORANDUM AND ORDER

This civil action is before the Court pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [Doc. 35] of the Honorable R. Leon Jordan, Senior United States District Judge, for disposition of the defendants' Motion for Order Permitting Independent Medical Examination. [Doc. 33] The parties came before the undersigned on January 28, 2008, for a telephonic hearing on the instant motion. The plaintiffs were represented by attorney Michael R. Munsey, while the defendants were represented by attorneys Nathaniel S. Goggans and F. Laurens Brock.

The Defendants seek leave of the Court to conduct an independent medical examination of plaintiff Sandra Hicks ("Mrs. Hicks") by Dr. Martin H. Wagner ("Dr. Wagner"). The defendants contend that Dr. Wagner's expertise in the fields of Psychiatry and Neurology make him the ideal, and necessary, candidate for performing the requested medical evaluation. The plaintiffs oppose the motion, arguing that Dr. Wagner's office in Hermitage, Tennessee, would require Mrs. Hicks to travel approximately 560 miles round trip. The plaintiffs contend that Mrs. Hicks' medical condition renders a trip of that length exceedingly difficult.

For the reason discussed more fully during the hearing, the Court finds that an independent medical examination of Mrs. Hicks is appropriate in this matter. However, the Court further finds that, because of Mrs. Hicks' alleged medical condition, any such medical examination must occur in the general vicinity of her home in upper East Tennessee. Accordingly, the defendants' motion [Doc. 33] is **GRANTED in part**, to the extent that the defendants shall be allowed to conduct an independent medical examination of Mrs. Hicks, and **DENIED in part**, to the extent that the Court will not compel Mrs. Hicks to travel to Dr. Wagner's office in Hermitage. Instead, the parties are **DIRECTED** to work together in an attempt to schedule the medical examination at a time and place that will accommodate Mrs. Hicks' alleged medical condition. If, after meeting and conferring, the parties are unable to reach agreement as to the specifics of the medical examination, the parties are **DIRECTED** to contact chambers to schedule a telephone conference.

**IT IS SO ORDERED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge